JOHN CARTER BROWN, Trustee, *vs.* RUSH C. HAWKINS *et als.*

PROVIDENCE—SEPTEMBER 27, 1904.

PRESENT: Tillinghast, Douglas, and Blodgett, JJ.

(1) *Wills.* "*Several.*" "*Respective.*"

Testamentary devise: "In casê of the failure of all the objects of the several trusts, created by my original will and this my codicil, by death or otherwise, or the failure of issue of either or all of my said children then and in that case I declare that all the then remaining property real and personal in the several trusts created in my original will and in this my codicil vest in and be' distributed to the persons who for the time being .shall be entitled to the same under the statute laws of the state of Rhode Island then in force regulating the distribution of intestate estates:"—

*Held,* that, upon consideration of the whole instrument, and of the former opinions of this court construing its provisions in *Petition of Bailey,* 13 R. I. 543, *Bailey* v. *Hawkins,* 18 R. I. 573, and *Bailey* v. *Brown,* 19 R. I. 669, the word "several" should be construed as meaning "respective," so that the meaning of the clause was that as each trust should respectively fail in its object the trust fund to which it applied should go to·the next of kin of the testatrix at the time of the failure.

PETITION for construction of will.

BLODGETT, J. The answers to the questions which have arisen under this will of the late Caroline M. Brown by the death of Annmary Brown Hawkins depend upon the construction to be given to the following clause of that instrument:

"And in case of the failure of all the objects of the several trusts, created by my original will and this my codicil, by death or otherwise, or· the failure of issue of either or all of my said children, then and in that case I declare that all the then remaining property real and personal, in the several trusts created in my original will and in this my codicil, vest. in and be distributed to the persons who for the time being shall be entitled to the same under the statute laws of the State of Rhode Island then in force regulating the distribution of intestate estates."

Upon consideration of the whole instrument, and of the former opinions of this court construing its provisions in *Petition of*

*William M. Bailey,* 13 R. I. 543; *William M. Bailey et al.* v. *Rush C. Hawkins et als.,* 18 R. I. 573; and *William M. Bailey and John Carter Brown, Trustees,* v. *Elena Brown et al.,* 19 R. I. 669, we are of opinion that the word "several" as used in the clause in question should be construed as meaning "respective," so that the meaning of·the clause under consideration is that as each trust shall respectively fail in its object the trust fund to which it applies shall go to the next of kin of the testatrix at the time of the failure.

Thus in *Woodstock* v. *Shillito,* 6 Sim. 416, a testator gave the interest of a fund to his wife for life, and after her death to such of his four daughters as should be then living, in equal shares during their respective lives; "*and from and after the several deceases of my said daughters*" he gave one-fourth of the capital to their respective children.   One of the daughters died before the widow, leaving a child, and it was held that the child became entitled on the widow's death to have one-fourth of the capital transferred to her.   The Vice-Chancellor observed: "The question is what is the meaning of the words 'From and after the several deceases of my said daughters?'   They mean 'after the Deaths of my Daughters respectively.'"

The first question propounded is as follows:

"Whether or not upon the decease of said Annmary Brown Hawkins, said John Carter Brown, the last surviving descendant of said Caroline M. Brown, became entitled to the trust estate theretofore held in trust for said Caroline M. Bajnotti and said Annmary Brown Hawkins?"

To this question we reply that John Carter Brown is so entitled.   And this answer disposes of the remaining questions.

*Theodore F. Greene,* for complainant, and certain respondents, viz.:   John Carter Brown, individually, and Rush C. Hawkins.

*Charles M. Salisbury,* for respondent S. F. Stanton, executor.

*Matteson & Healey,* for respondent Elena Brown.